IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSE A. PEREZ-RODRIGUEZ,** | : | CIVIL ACTION NO. 4:10-CV-1312 |
| **Petitioner** | : | |
| | : | **(Judge McClure)** |
| v. | : | |
| | : | **(Magistrate Judge Blewitt)** |
| **RONNIE HOLT,** | : | |
| **Respondent.** | : | |

**REPORT AND RECOMMENDATION**

**I.  Procedural Background**.

On June 24, 2010, the Petitioner Jose A. Perez-Rodriguez filed, *pro se*, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Currently, the Petitioner is serving a 273 month sentence at the United States Penitentiary in Canaan Township, Pennsylvania ("USP Canaan"). (Doc. 8, Ex. 1, Attach. 7). He names as Respondent the warden of USP Canaan, Ronnie Holt. (Doc. 1). The Petitioner's projected release date is March 17, 2023. (Doc. 8, Ex. 1, Attach. 7). The Commonwealth of Puerto Rico has also lodged a detainer against the Petitioner, where a 329 month sentence will be imposed upon his return there. (Doc. 8).

The Court issued an Order to Show Cause on July 16, 2010 and directed the Respondent to respond to the petition. (Doc. 5). On August 4, 2010, the Respondent filed a Response to the Habeas Petition and attached exhibits. (Doc. 8). The Petitioner filed a Traverse on August 11, 2010. (Doc. 9).

By way of background, on December 30, 2002, the Petitioner escaped via helicopter from a maximum security prison in Ponce, Puerto Rico. (Doc. 8, Ex. 1 at ¶ 5 and Attach. 1). At the time of the Petitioner's escape, he was serving a 319 year sentence for multiple cases for firearms violations, one count of murder in the second degree, escape, and one count of first degree murder. (See Doc. 8, Ex. 1 and Attach. 1). The Petitioner was apprehended by

the Federal Bureau of Investigation on that same day, December 30, 2002 and was received into custody by the United States Marshals Service, District of Puerto Rico. (Doc. 8, Ex. 1 at ¶6 and Attach. 2).

On August 22, 2003, the Petitioner was sentenced by the United States District Court for the District of Puerto Rico to a 240 month term of imprisonment for one count of Aircraft Piracy, to run consecutively to any other sentence he was presently serving. (Doc. 8, Ex. 1 at ¶7 and Attach. 3). The Petitioner was also sentenced on June 7, 2005 in the U.S. District Court for the Eastern District of Texas to a 33 month consecutive term of imprisonment for Attempt to Obtain a Prohibited Object, Heroin, in a Federal Prison. (Doc. 8, Ex. 1 at ¶7 and Attach. 4).

On February 20, 2008, the Puerto Rico Department of Corrections requested that a detainer be lodged with the Federal Bureau of Prisons ("BOP") and they requested custody of the Petitioner upon completion of his federal sentences. (Doc. 8, Ex. 1 at ¶10 and Attach. 6).

The BOP prepared a sentence computation for the Petitioner based on a 273 month term. (Doc. 8, Ex. 1 at ¶11 and Attach. 7). The petitioner's sentence commenced on August 22, 2003, the date it was imposed and he was granted prior custody credit from December 30, 2002 through August 21, 2003. The Petitioner's two federal terms were aggregated and he is scheduled to satisfy his federal sentence, via good conduct time release, on March 17, 2023. (Doc. 8, Ex. 1 at ¶11 and Attach. 7).

For the reasons set forth below, it is recommended that the petition be DISMISSED.

## II. Claims of Habeas Petition.

The Petitioner is alleging that the law of primary jurisdiction mandates that he be transferred to the custody of Puerto Rico so that he can serve that sentence first. (Docs. 1 and 9).

The Respondent argues that the this Court should dismiss the Petition because the Petitioner's claims are not appropriate as § 2241 habeas claims.[1]

**III. Discussion.**

It is well settled that Plaintiff has no constitutional right to be confined in any particular prison, facility or rehabilitative program. *See Podhorn v. Grondolsky*, 2009 WL 3471299, *2 (3d Cir.) (Per Curiam) citing *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Kimball v. Walters*, 2007 WL 87897. (M.D. Pa.)(inmate had no constitutional right to be transferred to any particular cell or to any particular prison). Also, the Court will not generally interfere with the BOP's determination as to where to confine an inmate. *See Fraise v. Terhune*, 283 F. 3d 506 (3d Cir. 2002); *Levi v. Ebbert*, 2009 WL 2169171, *6 (M.D. Pa.).

Pursuant to 18 U.S.C. § 3621(b), the Bureau of Prisons has the authority to designate a state institution as the official facility for service of a federal sentence and may implement such a designation *nunc pro tunc*. *See Barden v. Keohane*, 921 F.2d 476, 478-79 (3d Cir. 1990) If this designation impacts the fact or duration of a prisoner's sentence, the BOP's decision is subject to judicial review for abuse of discretion. *Id*. at 478. *See also United States v. Allen*, 124 Fed. Appx. 719, 721 (3d Cir. 2005). In *Barden*, the BOP refused to consider a petitioner's request for *nunc pro tunc* designation of a state facility for the service of his federal sentence, which would have made his state and federal sentences run concurrently. *Barden*, 921 F.2d at 476. The Court held that the BOP's refusal to consider

---

[1] A prisoner's habeas petition should be dismissed if he fails to exhaust available administrative remedies. *See Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986). Although exhaustion is not required by statute under §2241, the Third Circuit has consistently applied an exhaustion requirement to claims brought under § 2241. *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 759 (3d Cir. 1996). Here, the administrative remedy record indicates that the BOP has considered and rejected the Petitioner's transfer request. (Doc. 8, Ex. 2 and Attach A.)

the petitioner's request carried a "serious potential for a miscarriage of justice" because of the significant federal sentence credit, ten years, that could be realized by the petitioner if he were successful. *Id*.

However, the BOP's denial of a petitioner's request to transfer him to a different facility, federal or state, which does not result in any alteration of his release date or affect the legality of his conviction, may not be reviewed by way of a habeas petition. *See Beckley v. Miner*, 125 Fed. Appx. 385, 388-389 (3d Cir. 2005). Such is the case in the instant matter, where the Petitioner has not sought a transfer to Puerto Rico based on any change of a calculation of his sentence. There is no dispute that his federal and Commonwealth sentences are to run consecutively. Rather, the Petitioner just wants to be transferred to Puerto Rico. Thus, there is no indication that the denial of this transfer request to a prison of his choice will result in a miscarriage of justice. Thus, the BOP's exercise of discretion under 18 U.S.C. § 3621(b) is not subject to judicial review. *See Miner*, 125 Fed. Appx. at 388-89.

The Petitioner claims that Puerto Rico "never waived primary jurisdiction over the petitioner" and that due process requires that the petitioner be returned to its primary custody. (Docs. 1, 9). He cites *Shumate v. U.S.,* 2006 WL 83502 (M.D. Pa. 2006) in support of his argument that the he should be returned to the custody of Puerto Rico. However, in *Shumate*, the Court held that the BOP's denial of Shumate's request for transfer to New York did not create a miscarriage of justice because Shumate would not lose or gain any credit towards his federal or state sentences. Rather, the rejection of his transfer request merely denied him the service of his federal sentence in the institution of his choice. Thus, the BOP's exercise of discretion was not subject to judicial review. *Id.*

Similarly, the Petitioner here will not gain or lose any credit towards either his federal or state sentence based upon the BOP's decision not to transfer him to Puerto Rico and thus his claims are not subject to judicial review.

**VI. CONCLUSION.**

Based upon the foregoing, IT IS RECOMMENDED THAT the petitioner's Petition for Writ of Habeas Corpus, (Doc. 1), be DISMISSED.

                **s/ Thomas M. Blewitt**
                **THOMAS M. BLEWITT**
                **United States Magistrate Judge**

**Date: November 3, 2010**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSE A. PEREZ-RODRIGUEZ,**<br>    Petitioner | : | **CIVIL ACTION NO. 4:10-CV-1312** |
| | : | |
| | : | **(Judge McClure)** |
| v. | : | |
| | : | **(Magistrate Judge Blewitt)** |
| **RONNIE HOLT,** | : | |
|     Respondent. | : | |

# NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated November 3, 2010.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**s/ Thomas M. Blewitt**
THOMAS M. BLEWITT
United States Magistrate Judge

**Dated: November 3, 2010**