IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSE A. PEREZ-RODRIGUEZ,** | : | **CIVIL NO. 4:10-CV-1312** |
| **Petitioner** | : | **(Judge Rambo)**[1] |
| **v.** | : | |
| **RONNIE HOLT,** | : | **(Magistrate Judge Blewitt)** |
| **Respondent** | : | |

# M E M O R A N D U M

## I.      Procedural History

Before the court is a petition for writ of habeas corpus pursuant to 28
U.S.C. § 2241 filed *pro se* by Petitioner Perez-Rodriguez.  The matter was referred to
the magistrate judge who filed a report recommending that the petition be dismissed
because the claim is not subject to judicial review.  Perez-Rodriguez has filed
objections to the report and recommendation.  No response to the objections were
filed by the Government and the matter is ripe for disposition.

## II.      Background

On December 30, 2002, Perez-Rodriguez escaped from Puerto Rico's
maximum security prison in Ponce, Puerto Rico.  At the time of his escape, he was
serving a 319 year sentencing in Puerto Rico.  On December 31, 2002, Perez-
Rodriguez was arrested by the FBI and turned over to the custody of the United
States Marshal in Puerto Rico.

---

[1]This case was reassigned to the undersigned by verbal order of Chief Judge Kane dated
December 22, 2010.

On August 22, 2003, Perez-Rodriguez was sentenced in the United States District Court for the District of Puerto Rico in case number 03-CR-019-04. (*See* Doc. 8-2, Ex. 1 at ¶ 7.)  He was sentenced to a 240-month term of imprisonment for count one for Aircraft Piracy, in violation of 49 U.S.C. § 46502(a)(1)(A(2)(A)), to run consecutively to any other sentence that he was presently serving, either at the state level or at the federal level.  (*See id.*)  In addition, on June 7, 2005, Perez-Rodriguez was sentenced in the United States District Court for the Eastern District of Texas in case number 1:04-CR-00146-001.  (*See* Doc. 8-2, Attach. 4.)  In that case, he was sentenced to serve a 33-month term of imprisonment on Attempt to Obtain a Prohibited Object, Heroin, in a Federal Prison, a violation of Title 18 U.S.C. § 1791(a)(2).  This sentence was ordered to run consecutively to the undischarged term of imprisonment in Docket Number 03-CR-019-04, United States District Court for the District of Puerto Rico.  (*See id.*)

On February 20, 2008, the Puerto Rico Department of Corrections requested that a detainer be lodged with the Federal Bureau of Prisons.  (*See id.*, Attach. 6, ¶ 10.)  Puerto Rico requests custody of Perez-Rodriguez upon completion of his federal sentences.  (*See id.*)  Perez-Rodriguez is scheduled to satisfy his federal sentence on March 17, 2023.  (*See id.*, Ex. 1, ¶ 11 and Attach. 7.)

## III.     Discussion

The magistrate judge's recommendation to dismiss the action is based on the decisions of *Beckley v. Miner*, 125 F. Appx. 385, 388-89 (3d Cir. 2005) and *Shumate v. United States*, No. 3:04-CV-2602, 2006 WL 83506 at *4 (M.D. Pa., January 12, 2-006).  These cases held that the Bureau of Prison's denial of a petitioner's request to transfer him to a different facility which does not result in any alteration of his release date or affect the legality of his conviction may not be

reviewed by way of a habeas petition. The magistrate judge here opines that Perez-Rodriguez will not gain or lose any credit towards either his federal or state sentence by not transferring him to Puerto Rico.

In his objections to the report and recommendation, Perez-Rodriguez claims that by not transferring him to Puerto Rico, he is unable to mount a collateral attack on his Puerto Rico sentence. Perez-Rodriguez further claims that a collateral appeal would be based on incompetency of counsel for failure to take an appeal and that the courts in Puerto Rico will not exercise jurisdiction over his collateral attack until he is returned to the custody of Puerto Rico. Perez-Rodriguez opines that under *Shumate, supra*, there will be a miscarriage of justice unless he is returned to Puerto Rico as his sentence from that jurisdiction may be reduced.

The record before this court is silent on the issue of timeliness – there is no indication of whether the time for filing a collateral appeal has expired and, therefore, making any transfer to raise such a motion futile. The court will direct the Government to file a response to Petitioner's objections to the report and recommendation. An appropriate order will be issued.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: December 28, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSE A. PEREZ-RODRIGUEZ,   :   CIVIL NO. 4:10-CV-1312

        **Petitioner**   :   **(Judge Rambo)**

     **v.**   :

     :   **(Magistrate Judge Blewitt)**

**RONNIE HOLT,**   :

        **Respondent**   :

# O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT** no later than January 28, 2011, Respondent shall file a response to Petitioner's objections and, in addition, shall address the issue of whether the time to file a collateral appeal has expired.

                s/Sylvia H. Rambo
                SYLVIA H. RAMBO
                United States District Judge

Dated: December 28, 2010.